**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARILYN TUCKER, as parent and          )
next friend of A.T., a minor,          )
                                       )
      Plaintiff,                       )
                                       )
vs.                                    )          Case No.   21-1181
                                       )
MARION COMMUNITY SCHOOL                )
DISTRICT 2 BOARD OF EDUCATION,         )          **JURY TRIAL DEMANDED**
and SARA BAKER,                        )
                                       )
      Defendants.                      )

## COMPLAINT

COMES NOW Plaintiff, Marilyn Tucker, as parent and next friend of A.T., a minor, by and through counsel, Mathis, Marifian & Richter, Ltd., and for her Complaint against the Defendants, Marion Community School District 2 Board of Education, and Sara Baker, submit the following:

## NATURE OF ACTION

This is an action to correct unlawful racial discrimination and retaliation by the Marion Community School District 2 Board of Education (the "District") and its employee, Sara Baker ("Baker").

Marion Community School District 2 is located in Marion, Illinois, and consists of seven schools, including Marion High School. Plaintiff, A.T., is an African American minor who was a student attending Marion High School during the relevant time period.

A.T. was a member of the Marion High School track team. On April 21, 2021, during track practice, Defendant Baker, a teacher and track coach, referred to A.T. as a "*barefooted African from a third-world country.*" Defendant Baker made this statement in the presence of A.T.'s peers.

Thereafter, A.T. and her mother, Marilyn Tucker, complained to the District's Board of Education about Defendant Baker's actions and attended peaceful protests of Defendant Baker's treatment of A.T.   Among other discriminatory and retaliatory actions, the District's Board requested the presence of police dogs at these planned peaceful protests, where it was known that minor children, including A.T., would be present.  Rather than appropriately disciplining or terminating Baker, the District's Board, at Defendant Baker's request, transferred Defendant Baker to another more desirable school within the District.

Plaintiff filed Charges of Discrimination under the Illinois Human Rights Act with the Illinois Department of Human Rights' ("IDHR"). Plaintiff has since opted out of the IDHR investigation and administrative process.

## PARTIES

1.      A.T. is an African-American minor who is a citizen and resident of Williamson County, Illinois.

2.      Marilyn Tucker ("Marilyn") is an African-American female who is a citizen and resident of Williamson County, Illinois, and is the mother of A.T.

3.      Marion Community School District 2 is, and at all times relevant herein was, a body politic and a school district organized and operating under the laws of the State of Illinois, located in Williamson County.

4.      The Marion Community School District 2 Board of Education ("the District") is charged with, and responsible for, the operation of public schools within the district, and at all times relevant to this Complaint, was acting in that capacity under the color of state law.

5.      The District operates seven schools including Marion High School, physically located in Marion, Illinois.

6.      Marion Community School District 2 is, and at all times relevant herein was, a program or activity receiving federal financial assistance within the meaning of Title VI, 42 U.S.C. § 2000d.

7.      Marion Community School District 2 is, and at all times relevant herein was, a unit of State, county, or local government in Illinois within the meaning of the Illinois Civil Rights Act of 2003, 740 ILCS § 23/5.

8.      Defendant Sara Baker ("Baker") is a citizen and resident of Williamson County, Illinois.  Defendant Baker is Caucasian. At all times relevant herein, Defendant Baker was and is employed as a teacher for Marion Community School District 2.

## JURISDICTION

9.      The Court has subject matter jurisdiction over the lawsuit because the action arises under 42 U.S.C. §2000d and 42 U.S.C. §1983.

10.     Jurisdiction of the state law claims is founded upon the pendent or supplemental jurisdiction of the Court pursuant to *United Mine Workers of America v. Gibbs*, 38 U.S. 715 (1966), and 28 U.S.C. § 1367.

## FACTS

**The April 21, 2021 Track Incident:**

11.     At all times relevant herein, A.T. was enrolled as a student at Marion High School.

12.     During the 2020-2021 school year, A.T. was in the tenth grade.

13.     During the 2020-2021 school year, Defendant Baker was a physical education teacher at Marion High School.

14.     During the 2020-2021 school year, Defendant Baker was the Girl's Track Coach for Marion High School, of which A.T. was a girl's track athlete.

15.     On or about April 21, 2021, while at track practice, A.T. took her shoes off and ran barefoot.

16.     In response to A.T. taking her shoes off, Defendant Baker yelled out and intentionally referred to A.T. as a "*barefooted African from a third-world country.*"

17.     Defendant Baker made this statement in the presence of A.T.'s peers and other track teammates.

18.     Defendant Baker did not refer to white or non-African American students as "*barefooted Africans from a third-world country.*"

19.     The statement made by Defendant Baker was racially derogatory and humiliating.

20.     The statement made by Defendant Baker caused A.T. to suffer embarrassment, humiliation, mental anguish, and emotional distress.

21.     That same day, A.T. reported the incident to her mother, Marilyn.

22.     The next day, April 22, 2021, Marilyn contacted the school and reported the statement made by Defendant Baker in which she referred to A.T. as a "*barefooted African from a third-world country.*"

23.     Thereafter, Marilyn, A.T., and other Marion Community School District students attended and participated in peaceful protests.

24.     In addition, Marilyn and A.T. repeatedly reported and complained to the District about the racial discrimination.

25.     Defendants undertook actions to intimidate and retaliate against A.T. following Plaintiffs' efforts to report and oppose racial discrimination.

**Friday, April 23, 2021 Meeting between Defendant Baker, the Dean of Students, and A.T. to discuss A.T.'s complaints against Baker**

26.     Following Plaintiffs' complaints to the District regarding Defendant Baker's discriminatory statements, Defendant Baker and A.T. had a meeting on April 23, 2021.

27.     Marilyn, A.T., Defendant Baker, and the District's Dean of Students, Darrell Wimberly, attended the meeting.

28.     At the meeting, Wimberly required A.T. to state "positive" acts by Defendant Baker, rather than address the wrongfulness of Defendant Baker's actions which were at issue.

29.     During the meeting, Defendant Baker refused to look at A.T. or at Marilyn.

30.     During the meeting, A.T. informed Defendant Baker that she would miss track practice on Tuesday and Thursday evenings due to her attendance at night school.

31.     A.T. had to attend night school in order to bring up her grades.

32.     Upon being advised that A.T. would miss track practice on Tuesday and Thursday evenings in order to attend night school, and in retaliation of A.T.'s complaint of discrimination, Defendant Baker informed A.T. that she could no longer be on the track team.

33.     Defendant Baker demanded that A.T. turn in her track uniform.

34.     The District's Dean of Students, Wimberly, was present when Defendant Baker told A.T. that she could no longer be on the track team, and made no effort to contradict Defendant Baker or prevent her from removing A.T. from the team.

35.     Non-black students have routinely missed track practices without consequences or reprimand from Defendant Baker.

36.     Non-black students have never been removed from the track team by Defendant Baker for missing practice.

37.     Defendant Baker's action in attempting to remove A.T. from the track team was in retaliation for Plaintiffs' complaining of racial discrimination by Defendant Baker.

**Defendant Baker created a social media group where A.T.'s peers harassed and criticized A.T. for making complaints against Baker**

38.     At the beginning of the track season, Defendant Baker created a social media group for use of the track team that she coached and its athletes.

39.     The social media group was created and maintained for the benefit of the students and members of the track team attending Marion High School.

40.     Postings on the social media group were visible to the students and members of the track team attending Marion High School, as well as the public.

41.     At all times relevant herein, Defendant Baker maintained full access and control of the track team's social media group, and routinely monitored and viewed what each student posted in the group.

42.     Following the April 21, 2021 incident, many of A.T.'s peers and other students of Marion High School published and/or posted on Defendant Baker's social media group criticisms of A.T. for having reported and made complaints of racial discrimination against Defendant Baker.

43.     Despite having full knowledge of the postings and control of the track team's social media group, Defendant Baker permitted the racially hostile criticisms to remain on the team's social media group, and made no effort to stop said individuals from harassing and criticizing A.T. Instead, Defendant Baker knowingly and intentionally remained silent, permitting the racially hostile harassment of A.T. to continue to unfold on the track team's social media group.

44.     Defendant Baker permitted and/or condoned the actions of A.T.'s peers and other students to racially harass and criticize A.T., and took no action to prevent said activities or remove them from the track team's social media group.

45.     Upon learning of the racially hostile harassment and criticism of A.T.on the track team's social media sites maintained by Defendant Baker, the District failed to appropriately discipline or reprimand Defendant Baker or take other action to remedy the problem.

46.     The postings on the track team's social media sites created and maintained by Defendant Baker caused A.T. to suffer embarrassment, humiliation, mental anguish, and emotional distress

**Peaceful Protests**

47.     After receiving complaints of racial discrimination from A.T. and her mother, Marilyn, the District failed to effectively discipline or terminate Defendant Baker's employment.

48.     To express their dissatisfaction with the District's failure to effectively address racial discrimination by Defendant Baker, A.T., Marilyn, and other students of the Marion Community School District participated in peaceful protests.

49.     An overwhelmingly large number of District students supported A.T. and participated in the peaceful protests.

50.     In retaliation for peacefully protesting racial discrimination, the District and/or its agents coordinated and conspired to permit and/or request the presence of police dogs at the peaceful protests.

51.     The District and/or its agents coordinated and conspired to permit and/or request the presence of police dogs at the peaceful protests, even though they knew, or should have known, that the protests were peaceful.

52.     The District and/or its agents coordinated and conspired to permit and/or request the presence of police dogs at the peaceful protests in an effort to intimidate A.T., Marilyn, and others from opposing racial discrimination by Defendant Baker and the District.

**The District's failure to appropriately discipline Defendant Baker**

53.     At all times relevant herein, and after receiving complaints about Defendant Baker's discriminatory statement directed to A.T. and other actions as set forth herein, the District failed to appropriately investigate or consider prior egregious conduct by Defendant Baker.

54.     The District did not effectively discipline or terminate Defendant Baker for her racially discriminatory conduct.

55.     Instead of effectively disciplining or terminating Defendant Baker for her racially discriminatory and retaliatory conduct, the District granted Defendant Baker's request to be transferred to a more desirable school within the District.

56.     It was not until nearly a month after the April 21, 2021 incident in which Defendant Baker referred to A.T. as a "*barefooted African from a third-world country,*" and following repeated complaints and public protests against racial discrimination by A.T., her mother and others, that the District finally placed Defendant Baker on a *paid* leave of absence for the remainder of the 2020-2021 school year.

57.     By placing Defendant Baker on a paid leave of absence and transferring her to more desirable school within the District, the District effectively condoned and ratified the racially discriminatory conduct of Defendant Baker.

58.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. was subjected to retaliation, intimidation, threats and criticisms.

59.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. and her mother, Marilyn, reasonably and justifiably feared for the safety of A.T., and for her ability to receive the same access to an education as white students.

60.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, completed the 2020-2021 school year via "remote-learning."

61.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. was unable to participate in most of the track meets for the 2020-2021 season.

62.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. was denied equal access to educational services by unlawfully discriminating against her and then retaliating against her for reporting the discrimination.

63.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. experienced, and will continue to experience, severe emotional distress.

64.     As a direct and proximate result of the acts and omissions of Defendant Baker and the District, A.T. became isolated from her peers and suffered, and will continue to suffer, from the deprivation of access of educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

## COUNT 1
### Violation of Title VI (Discrimination) –
### A.T. against the District

65.     Plaintiff A.T., by and through her mother and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

66.     Title VI of the Civil Rights Act of 1964 provides:

No person in the United States shall, on ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

67.     At all times relevant herein, Marion Community School District 2 Board of Education constituted a program or activity receiving federal financial assistance and otherwise met all of the other relevant criteria of Title VI for status as a defendant to a Title VI suit.

68.     At all times relevant herein, Plaintiff A.T. was a beneficiary of federal assistance to public schools.

69.     A representative, agent, or employee of the District, and the District itself, unlawfully discriminated against A.T. in that:

a.      On or about April 21, 2021, a representative, agent, or employee of the District – teacher and track coach Defendant Baker – intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and teammates;

b.      Defendant Baker did not refer to white or non-African American students as "*barefooted Africans from a third-world country*;"

c.      Defendant Baker told A.T., during a meeting to discuss her complaints of racial discrimination, that she could no longer be on the track team;

d.      White and non-black students routinely missed track practices without consequences or reprimand from Defendant Baker, and without being told that they could no longer be on the track team;

e.      Defendant Baker and the District permitted, maintained and condoned racially hostile criticism of A.T. on social media sites created, maintained and controlled by Defendant Baker which was intended for the use by members of the track team and students of Marion High School;

f.      Defendant Baker was a person with authority and control over A.T., being A.T.'s physical education teacher and girls track coach;

g.      Defendant Baker conducted such activities in the course of her authorized and/or assigned duties;

h.      The actions of the District and Defendant Baker alleged herein were taken based on A.T.'s race;

i.      There was no legitimate basis for such differential treatment of A.T.; and

      j.    Such actions were severe or pervasive enough to effectively deprive A.T. of access to educational benefits.

70.    The District was deliberately indifferent in responding to Defendant Baker's conduct, in that the District and school administration was aware of such actions at least on the day after their occurrence, but the District failed to reprimand Defendant Baker for almost one month after the occurrence, failed to appropriately investigate or consider egregious conduct by Defendant Baker directly relevant to the alleged acts in violation of Title VI of the Civil Rights Act, and effectively condoned and ratified Defendant Baker's actions by giving her a paid leave of absence and granting her request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children.

71.    The reprimand imposed was insufficient to address the severity of Defendant Baker's actions or discourage future retaliation against A.T. for her complaints.

72.    As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

73.    As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

    (c)      Attorney's fees and costs; and

    (d)      All other relief that the Court deems just and proper.

**COUNT 2**
**Violation of Title VI (Retaliation) –**
**A.T. against the District**

74.      Plaintiff A.T., by and through her mother and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

75.      Title VI of the Civil Right Act of 1964 provides that:

No person in the United States shall, on ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

76.      Title VI's implementing regulation prohibits retaliation: no recipient of federal funding "shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI] *** because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VI.]" 34 C.F.R. § 100.7(e).

77.      At all times relevant herein, Marion Community School District 2 Board of Education constituted a program or activity receiving federal financial assistance and otherwise met all of the other relevant criteria of Title VI for status as a defendant to a Title VI suit.

78.      At all times relevant herein, the District permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T., or to take other action to prevent, prohibit or restrict discrimination and retaliation against A.T.

79.     On or about April 21, 2021, Defendant Baker, a representative, agent, or employee of Marion Community School District 2 Board of Education, intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates.

80.     A.T., individually and by and through her mother, voiced opposition and concerns to the District regarding the racially discriminatory and unfair treatment A.T. had experienced on or about April 21, 2021.

81.     Following A.T.'s complaints of racial discrimination, the District, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against A.T., including without limitation:

a.     Permitting Baker to tell A.T. that she needed to turn in her track uniform during a meeting between Baker and A.T. to discuss A.T.'s complaints of racial discrimination.

b.     Permitting Baker to tell A.T., during the meeting to discuss A.T.'s complaints of racial discrimination, that she could not be on the track team, despite white and other non-black students routinely missing track practices without consequences or reprimand from Defendant Baker;

c.     Failing to appropriately discipline Defendant Baker for creating and maintaining a social media group where A.T.'s peers were permitted to criticize her for opposing and complaining about racial discrimination by Defendant Baker;

d.     Requiring A.T. to state "positive" acts by Defendant Baker during a meeting called to address Defendant Baker's racially derogatory statement to A.T. being a "*barefooted African from a third-world country;*"

e.     Coordinating and conspiring to permit and/or request the presence of police dogs at planned peaceful protests attended by District children, including A.T.;

f.     Failing to appropriately and timely discipline Defendant Baker, failing to appropriately investigate or consider prior egregious conduct by Defendant Baker directly relevant to the above-described acts in violation of the Civil Rights Act, Title VI, providing Defendant Baker with a paid leave of

absence, and granting Defendant Baker's request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children; and

g.     Taking other unlawful, discriminatory and retaliatory actions against A.T. following her complaint of racial discrimination against Defendant Baker.

82.     As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

83.     As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Attorney's fees and costs; and

(d)     All other relief that the Court deems just and proper.

## COUNT 3
### Violation of the Illinois Civil Rights Act of 2003 (Discrimination) – A.T. against the District

84.     Plaintiff A.T., by and through her mother and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

85.     The Illinois Civil Rights Act states, in relevant part:

(a)     No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color or national origin; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin.

740 ILCS § 23/5.

86.     At all times relevant herein, Marion Community School District 2 Board of Education constituted a unit of State, county, or local government in Illinois.

87.     At all times relevant herein, the District permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

88.     A representative, agent, or employee of the District, and the District itself, unlawfully discriminated against A.T. in that:

      a.    On or about April 21, 2021, a representative, agent, or employee of the District – teacher and track coach Defendant Baker – intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates;

      b.    Defendant Baker did not refer to white or non-African American peers as "*barefooted Africans from a third-world country*;"

      c.    Defendant Baker told A.T., during a meeting to discuss her complaints of discrimination regarding Defendant Baker's comments, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices;

      d.    White and non-black students routinely missed track practices without consequences or reprimand from Defendant Baker;

      e.    Defendant Baker was a person with authority and control over A.T. and her peers, being the students physical education teacher and girl's track coach;

      f.    Defendant Baker conducted such activities in the course of her authorized and/or assigned duties;

g.     Such actions were taken based on A.T.'s race;

h.     There was no legitimate basis for such differential treatment of A.T.; and

i.     Such actions were severe or pervasive enough to effectively deprive A.T. of access to educational benefits.

89.    The District was deliberately indifferent in responding to Defendant Baker's conduct, in that the District and school administration was aware of such actions at least on the day after their occurrence, but the District failed to reprimand Defendant Baker for almost one month after the occurrence, failed to appropriately investigate or consider egregious conduct by Defendant Baker directly relevant to the alleged acts in violation of the Illinois Civil Rights Act, and effectively condoned and ratified Defendant Baker's actions by giving her a paid leave of absence and granting her request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children.

90.    The reprimand imposed was insufficient to address the severity of Defendant Baker's actions or discourage future retaliation against A.T. for her complaints.

91.    As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

92.    As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHERFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Attorney's fees and costs; and

(d)     All other relief that the Court deems just and proper.

### COUNT 4
### Violation of the Illinois Civil Rights Act of 2003 (Retaliation) –
### A.T. against the District

93.     Plaintiff A.T., by and through her mother and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

(a)     No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color or national origin; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin.

740 ILCS § 23/5.

94.     The Illinois Civil Rights Act, patterned after Title IV, permits the filing of retaliation claims.

95.     At all times relevant herein, Marion Community School District 2 Board of Education constituted a unit of State, county, or local government in Illinois.

96.     At all times relevant herein, the District permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to

discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

97.     On or about April 21, 2021, Defendant Baker, a representative, agent, or employee of Marion Community School District 2 Board of Education, intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates.

98.     A.T., individually and by and through her mother, voiced opposition and concerns to the District regarding the racially discriminatory and unfair treatment they had experienced on or about April 21, 2021.

99.     Following A.T.'s complaints of racial discrimination, the District, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against A.T., including without limitation:

  a.    Permitting and condoning Defendant Baker to tell A.T. that she needed to turn in her track uniform during a meeting between Defendant Baker and A.T. to discuss A.T.'s complaints of racial discrimination.

  b.    Permitting and condoning Defendant Baker to tell A.T., during the meeting to discuss A.T.'s complaints of racial discrimination, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices – despite non-black students routinely missing track practices without consequences or reprimand from Defendant Baker;

  c.    Failing to appropriately discipline Defendant Baker for creating and maintaining a social media group where A.T.'s peers were permitted to criticize A.T. for reporting and opposing racial discrimination by Defendant Baker;

  d.    Requiring A.T. to state "positive" acts by Defendant Baker during a meeting called to address Defendant Baker's reference to A.T. as a "*barefooted African from a third-world country;*"

e.     Coordinating and conspiring to permit and/or request the presence of police dogs at planned peaceful protests attended by District children, including A.T.;

f.     Failing to appropriately and timely discipline Defendant Baker, failing to appropriately investigate or consider prior egregious conduct by Baker directly relevant to the above-described acts in violation of the Civil Rights Act, Title VI, placing Defendant Baker on a paid leave and granting Defendant Baker's request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children; and

g.     Taking other actions against A.T. following her complaint of racial discrimination against Defendant Baker.

100.    As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

101.    As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHERFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Attorney's fees and costs; and

(d)     All other relief that the Court deems just and proper.

## COUNT 5
### 42 U.S.C. § 1983 (Discrimination) –
### A.T. against the District

102.    Plaintiff A.T., by and through her mother and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

103.    At all times relevant herein, A.T. had a constitutional right to be free from discrimination based on race.

104.    At all times relevant herein, the District permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

105.    A representative, agent, or employee of the District, and the District itself, unlawfully discriminated against A.T. in that:

    a.    On or about April 21, 2021, a representative, agent, or employee of the District – teacher and track coach Defendant Baker – intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates;

    b.    Defendant Baker did not refer to white or non-African American peers as "*barefooted Africans from a third-world country*;"

    c.    Defendant Baker told A.T., during a meeting to discuss her complaints of discrimination regarding Defendant Baker's comments, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices;

    d.    White and non-black students routinely missed track practices without consequences or reprimand from Defendant Baker;

    e.    Defendant Baker was a person with authority and control over A.T. and her peers, being the students physical education teacher and girls track coach;

    f.    Defendant Baker conducted such activities in the course of her authorized and/or assigned duties;

g.   Such actions were taken based on A.T.'s race;

h.   There was no legitimate basis for such differential treatment of A.T.; and

i.   Such actions were severe or pervasive enough to effectively deprive A.T. of access to educational benefits.

106.   Such action were taken in violation of the equal protection rights of A.T. under the U.S. Constitution.

107.   The District was deliberately indifferent in responding to Defendant Baker's conduct, in that the District and school administration was aware of such actions at least on the day after their occurrence, but the District failed to reprimand Defendant Baker for almost one month after the occurrence, failed to appropriately investigate or consider egregious conduct by Defendant Baker directly relevant to the alleged acts in violation of 42 U.S.C. § 1983, and effectively condoned and ratified Defendant Baker's actions by giving her a paid leave of absence and granting her request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children.

108.   The reprimand imposed was insufficient to address the severity of Defendant Baker's actions or discourage future retaliation against A.T. for her complaints.

109.   At all relevant times, the District acted under color of state law.

110.   As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

111.   As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the denial of her equal protection rights under the U.S.

Constitution as well as her free speech rights, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHERFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Attorney's fees and costs; and

(d)     All other relief that the Court deems just and proper.

## COUNT 6
### 42 U.S.C. § 1983 (Retaliation) –
### A.T. against the District

112.    Plaintiffs A.T., by and through her mother and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

113.    At all times relevant herein, Plaintiff A.T. had a constitutional right to be free from discrimination based on race and free speech rights to oppose the same.

114.    At all times relevant herein, the District permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

115.    On or about April 21, 2021, Defendant Baker, a representative, agent, or employee of Marion Community School District 2 Board of Education, intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates.

116.   A.T., individually and by and through her mother, voiced opposition and concerns to the District regarding the racially discriminatory and unfair treatment they had experienced on or about April 21, 2021.

117.   Following A.T.'s complaints of racial discrimination, the District, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against A.T., including without limitation:

a.   Permitting and condoning Defendant Baker to tell A.T. that she needed to turn in her track uniform during a meeting between Defendant Baker and A.T. to discuss A.T.'s complaints of racial discrimination.

b.   Permitting and condoning Defendant Baker to tell A.T., during the meeting to discuss A.T.'s complaints of racial discrimination, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices – despite non-black students routinely missing track practices without consequences or reprimand from Baker;

c.   Failing to appropriately discipline Defendant Baker for creating and maintaining a social media group where A.T.'s peers were permitted to criticize A.T. for opposing and reporting racial discrimination by Defendant Baker;

d.   Requiring A.T. to state "positive" acts by Defendant Baker during a meeting called to address Defendant Baker's reference to A.T. as a "*barefooted African from a third-world country;*"

e.   Coordinating and conspiring to permit and/or request the presence of police dogs at planned peaceful protests attended by District children, including A.T.;

f.   Failing to appropriately and timely discipline Defendant Baker, failing to appropriately investigate or consider prior egregious conduct by Baker directly relevant to the above-described acts in violation of the Civil Rights Act, Title VI, giving Defendant Baker a paid leave of absence and granting Defendant Baker's request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children; and

g.   Taking other actions against A.T. following her complaint of racial discrimination against Defendant Baker.

118.    Such actions were taken in violation of the equal protection rights of A.T. under the U.S. Constitution, as well as her free speech rights.

119.    The District's acts constitute acts of deliberate indifference to the equal protection rights of A.T. to be free from discrimination based on race, as well as her free speech rights to oppose the same.

120.    At all relevant times, the District acted under color of state law.

121.    As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

122.    As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff A.T., by and through her mother and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

(c)    Attorney's fees and costs; and

(d)    All other relief that the Court deems just and proper.

<u>**COUNT 7**</u>
**Violation of Illinois Human Rights Act (Discrimination) –**
**A.T. against the District**

123.    Plaintiff A.T., by and through her parent and next friend, repeat and reallege paragraph 1 through 64 as set forth fully herein.

124.    Plaintiff A.T. has opted out of the administrative process with IDHR.

125.    The Illinois Human Rights Act ("IHRA") states, in relevant part:

It is a civil rights violation for any person on the basis of unlawful discrimination to: deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

775 ILCS 5/5-102.

126.    At all times relevant herein, Marion Community School District 2 and Marion High School were and are public places of accommodation under the IHRA, being non-sectarian places of education in the state of Illinois.

127.    At all times relevant herein, the District was and is a person within the meaning of the IHRA, being an organization, instrumentality, political subdivision, or unit of local government of the State of Illinois.

128.    At all times relevant herein, the District permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

129.    A representative, agent, or employee of the District, and the District itself, unlawfully discriminated against A.T. in that:

    a.    On or about April 21, 2021, a representative, agent, or employee of the District – teacher and track coach Defendant Baker – intentionally referred

to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates;

b.  Defendant Baker did not refer to white or non-African American peers as "*barefooted Africans from a third-world country*;"

c.  Defendant Baker told A.T., during a meeting to discuss her complaints of discrimination regarding Defendant Baker's comments, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices;

d.  White and non-black students routinely missed track practices without consequences or reprimand from Defendant Baker;

e.  Defendant Baker was a person with authority and control over A.T. and her peers, being the students physical education teacher and girl's track coach;

f.  Defendant Baker conducted such activities in the course of her authorized and/or assigned duties;

g.  Such actions were taken based on A.T.'s race;

h.  There was no legitimate basis for such differential treatment of A.T.; and

i.  Such actions were severe or pervasive enough to effectively deprive A.T. of access to educational benefits.

130.  The District was deliberately indifferent in responding to Defendant Baker's conduct, in that the District and school administration was aware of such actions at least on the day after their occurrence, but the District failed to reprimand Defendant Baker for almost one month after the occurrence, failed to appropriately investigate or consider egregious conduct by Defendant Baker directly relevant to the alleged acts in violation of the Illinois Human Rights Act, and effectively condoned and ratified Defendant Baker's actions by giving her a paid leave of absence and granting her request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children.

131.  The reprimand imposed was insufficient to address the severity of Defendant Baker's actions or discourage future retaliation against A.T. for her complaints.

132.    As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

133.    As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

(c)    Attorney's fees and costs; and

(d)    All other relief that the Court deems just and proper.

## COUNT 8
### Violation of Illinois Human Rights Act (Retaliation) – A.T. against the District

134.    Plaintiff A.T., by and through her parent and next friend, repeat and reallege paragraphs 1 through 52 as if set forth fully herein.

135.    Plaintiff A.T. has opted out of the administrative process with IDHR.

136.    The Illinois Human Rights Act ("IHRA") states, in relevant part:

It is a civil rights violation for any person on the basis of unlawful discrimination to: deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

775 ILCS 5/5-102.

137.    At all relevant times, the District was and is a person within the meaning of the IHRA, being an organization, instrumentality, political subdivision, or unit of local government of the State of Illinois.

138.    At all relevant times, Plaintiff A.T. was and is a person within the meaning of the IHRA, being an individual.

139.    At all times relevant herein, the District permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

140.    On or about April 21, 2021, Defendant Baker, a representative, agent, or employee of Marion Community School District 2 Board of Education, intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates.

141.    A.T., individually and by and through her mother, voiced opposition and concerns to the District regarding the racially discriminatory and unfair treatment they had experienced on or about April 21, 2021.

142.    Following A.T.'s complaints of racial discrimination, the District, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against A.T., including without limitation:

   a.    Permitting and condoning Defendant Baker to tell A.T. that she needed to turn in her track uniform during a meeting between Baker and A.T. to discuss A.T.'s complaints of racial discrimination.

   b.    Permitting and condoning Defendant Baker to tell A.T., during the meeting to discuss A.T.'s complaints of racial discrimination, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices – despite

non-black students routinely missing track practices without consequences or reprimand from Baker;

c.   Failing to appropriately discipline Defendant Baker for creating and maintaining a social media group where A.T.'s peers were permitted to criticize A.T. for opposing and reporting complaints of racial discrimination by Defendant Baker;

d.   Requiring A.T. to state "positive" acts by Defendant Baker during a meeting called to address Defendant Baker's reference to A.T. as a "*barefooted African from a third-world country*;"

e.   Coordinating and conspiring to permit and/or request the presence of police dogs at planned peaceful protests attended by District children, including A.T.;

f.   Failing to appropriately and timely discipline Defendant Baker, failing to appropriately investigate or consider prior egregious conduct by Defendant Baker directly relevant to the above-described acts in violation of the Civil Rights Act, Title VI, giving Defendant Baker a paid leave of absence and granting Defendant Baker's request to be transferred to a more desirable school within the District, where she will have authority and control over younger and more impressionable children; and

g.   Taking other actions against A.T. following her complaint of racial discrimination against Defendant Baker.

143.   As a direct and proximate result of Defendant's unlawful conduct, A.T. was unable to complete the 2020-2021 school year via in-person instruction and, instead, A.T. had to complete the 2020-2021 school year via "remote-learning" and was unable to participate in most of the track meets for the 2020-2021 season.

144.   As a direct and proximate result of Defendant's unlawful conduct, A.T. has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHERFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Marion Community School District 2 Board of Education and for relief in accordance therewith, including but not limited to:

(a)      Compensatory damages;

(b)      Prejudgment interest;

(c)      Attorney's fees and costs; and

(d)      All other relief that the Court deems just and proper.

**COUNT 9**
**42 U.S.C. § 1983 (Discrimination) –**
**A.T. against Baker**

145.    Plaintiff A.T., by and through her parent and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

146.    At all times relevant herein, Plaintiff A.T. had a constitutional right to be free from discrimination based on race.

147.    At all times relevant herein, the District and Defendant Baker permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

148.    Defendant Baker unlawfully discriminated against A.T. in that:

a.      On or about April 21, 2021, Defendant Baker intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates;

b.      Defendant Baker did not refer to white or non-African American peers as "*barefooted Africans from a third-world country*;"

c.      Defendant Baker told A.T., during a meeting to discuss her complaints of discrimination regarding Defendant Baker's comments, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices;

d.      White and non-black students routinely missed track practices without consequences or reprimand from Defendant Baker;

e.     Defendant Baker directed A.T. to turn in her track uniform during the meeting to discuss A.T.'s complaints regarding Defendant Baker's racially discriminatory comments;

f.     Defendant Baker was a person with authority and control over A.T. and her peers, being the students physical education teacher and girl's track coach;

g.     Defendant Baker conducted such activities in the course of her authorized and/or assigned duties;

h.     Such actions were taken based on A.T.'s race;

i.     There was no legitimate basis for such differential treatment of A.T.; and

j.     Such actions were severe and pervasive enough to effectively deprive A.T. of denial of full and equal enjoyment of the District's services.

149.   Such actions were taken in violation of the equal protection rights of A.T. under the U.S. Constitution.

150.   Defendant Baker's acts constitute acts of deliberate indifference to the equal protection rights of A.T. to be free from discrimination based on race.

151.   At all times relevant herein, Defendant Baker acted under color of state law.

152.   As a direct and proximate result of Defendant Baker's unlawful conduct, A.T. suffered, and will continue to suffer, from the denial of her equal protection rights under the U.S. Constitution, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

153.   Defendant Baker's unlawful conduct was done with malice and/or reckless indifference to A.T.'s rights, and was so outrageous, extreme and in disregard of A.T.'s interests as to justify an award of punitive damages.

WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Sara Baker and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Punitive Damages in excess of $500,000.00;

(d)     Attorneys' fees and costs; and

(e)     All other relief that the Court deems just and proper.

**COUNT 10**
**42 U.S.C. § 1983 (Retaliation) –**
**A.T. against Baker**

154.    Plaintiff A.T., by and through her parent and next friend, repeat and reallege paragraph 1 through 64 as if set forth fully herein.

155.    At all relevant times, Plaintiff A.T. had a constitutional right to be free from discrimination based on race, as well as free speech rights to oppose the same.

156.    At all times relevant herein, the District and Defendant Baker permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

157.    On or about April 21, 2021, Defendant Baker intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates.

158.    A.T., individually and by and through her mother, voiced opposition and concerns to the District and Defendant Baker regarding the racially discriminatory and unfair treatment they had experienced on or about April 21, 2021.

159.    A.T.'s complaints constitute protected activities.

160.    Following A.T.'s complaints, Defendant Baker retaliated against her by:

a.   Directing A.T. to turn in her track uniform during a meeting to discuss A.T.'s complaints regarding Defendant Baker's racially discriminatory comment;

b.   Advising A.T., that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices – despite white and non-black students routinely missing track practices without consequence or reprimand by Defendant Baker;

c.   Permitting, condoning and maintaining the harassment of A.T. by A.T.'s peers using a social media group that Defendant Baker herself created, maintained and controlled; and

d.   Taking other actions against A.T. following her complaint of racial discrimination against Defendant Baker.

161.   Such actions were taken in violation of the equal protection rights of A.T. under the U.S. Constitution, as well as her free speech rights.

162.   Defendant Baker's acts constitute acts of deliberate indifference to the equal protection rights of A.T. to be free from discrimination based on race, as well as her free speech rights to oppose the same.

163.   At all times relevant herein, Defendant Baker acted under color of state law.

164.   As a direct and proximate result of Defendant Baker's unlawful conduct, A.T. suffered, and will continue to suffer, from the deprivation of access to education benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

165.   Defendant Baker's unlawful conduct was done with malice and/or reckless indifference to A.T.'s rights, and was so outrageous, extreme and in disregard of A.T.'s interests as to justify and award of punitive damages.

WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Sara Baker and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Punitive Damages in excess of $500,000.00;

(d)     Attorney's fees and costs; and

(e)     All other relief that the Court deems just and proper.

## COUNT 11
### Violation of Illinois Human Rights Act (Discrimination) –
### A.T. against Baker

166.    Plaintiff A.T., by and through her parent and next friend, repeat and reallege paragraphs 1 through 64 as if set forth fully herein.

167.    Plaintiff A.T. has opted out of the administrative process with IDHR.

168.    The Illinois Human Rights Act ("IHRA") states, in relevant part:

It is a civil rights violation for any person on the basis of unlawful discrimination to: deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

775 ILCS 5/5-102.

169.    At all relevant times, Marion Community School District 2 and Marion High School were and are public places of accommodation under the IHRA, being non-sectarian places of education in the state of Illinois.

170.    At all relevant times, Defendant Baker was and is a person within the meaning of the IHRA, being an individual.

171.    At all times relevant herein, the District and Defendant Baker permitted, promoted, condoned and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

172.   Defendant Baker unlawfully discriminated against A.T. in that:

   a.   On or about April 21, 2021, Defendant Baker intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates;

   b.   Defendant Baker did not refer to A.T's white or non-African American peers as "*barefooted Africans from a third-world country;*"

   c.   Defendant Baker told A.T., during a meeting to discuss her complaints of discrimination regarding Defendant Baker's comments, that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices;

   d.   Non-black students routinely missed track practices without consequences or reprimand from Defendant Baker;

   e.   Defendant Baker directed A.T. to turn in her track uniform during the meeting to discuss A.T.'s complaints regarding Defendant Baker's racially discriminatory comments;

   f.   Defendant Baker was a person with authority and control over A.T. and her peers, being the students physical education teacher and girl's track coach;

   g.   Defendant Baker conducted such activities in the course of her authorized and/or assigned duties;

   h.   Such actions were taken based on A.T.'s race;

   i.   There was no legitimate basis for such differential treatment of A.T.; and

   j.   Such actions were severe and pervasive enough to effectively deprive A.T. of denial of full and equal enjoyment of the District's services.

173.   As a direct and proximate result of Defendant Baker's unlawful conduct, A.T. suffered, and will continue to suffer, from the denial of full and equal treatment of the District's services, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

   WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Sara Baker and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Attorneys' fees and costs; and

(d)     All other relief that the Court deems just and proper.

### COUNT 12
### Violation of Illinois Human Rights Act (Retaliation) –
### A.T. against Baker

174.    Plaintiff A.T., by and through her parent and next friend, repeat and reallege paragraph 1 through 64 as if set forth fully herein.

175.    Plaintiff A.T. has opted out of the administrative process with IDHR.

176.    The Illinois Human Rights Act ("IHRA") states, in relevant part:

> It is a civil rights violation for any person on the basis of unlawful discrimination to: deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

775 ILCS 5/5-102.

177.    At all relevant times, Plaintiff A.T. was and is a person within the meaning of the IHRA, being an individual.

178.    At all times relevant herein, the District and Defendant Baker permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to discipline or reprimand Defendant Baker for her racially discriminatory comments and retaliation against Plaintiff A.T.

179.    On or about April 21, 2021, Defendant Baker, a representative, agent, or employee of Marion Community School District 2 Board of Education, intentionally referred to A.T. as a "*barefooted African from a third-world country*" during track practice in front of A.T.'s peers and other track teammates.

180.   A.T., individually and by and through her mother, voiced opposition and concerns to the District and Defendant Baker regarding the racially discriminatory and unfair treatment they had experienced on or about April 21, 2021.

181.   A.T.'s complaints constitute protected activities.

182.   Following A.T.'s complaints, Defendant Baker retaliated against her by:

a.   Directing A.T. to turn in her track uniform during a meeting to discuss A.T.'s complaints regarding Defendant Baker's racially discriminatory comment;

b.   Advising A.T., that she could not be on the track team if she attended night school on Tuesdays and Thursdays to bring up her grades, as she would miss some track practices – despite non-black students routinely missing track practices without consequence or reprimand by Defendant Baker;

c.   Permitting and condoning the harassment of A.T. by A.T.'s peers using a social media group that Defendant Baker herself created and maintained; and

d.   Taking other actions against A.T. following her complaint of racial discrimination against Defendant Baker.

183.   As a direct and proximate result of Defendant's unlawful conduct, A.T. suffered, and will continue to suffer, from the deprivation of access to education benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff A.T., by and through her parent and next friend, prays for Judgment against Defendant Sara Baker and for relief in accordance therewith, including but not limited to:

(a)   Compensatory damages;

(b)   Prejudgment interest;

(c)   Attorneys' fees and costs; and

(d)   All other relief that the Court deems just and proper.

Respectfully Submitted,

MATHIS, MARIFIAN & RICHTER, LTD.

By   _/s/Natalie T. Lorenz_
     Mark S. Schuver, #06197656
     Natalie T. Lorenz, #06309572
     23 Public Square, Suite 300
     P.O. Box 307
     Belleville, IL 62220
     Phone:  (618) 234-9800
     Fax:  (618) 234-9786
     mschuver@mmrltd.com
     nlorenz@mmrltd.com

and

SOUTHERN ILLINOIS LAW CENTER, LLC

By   _/s/Charles G. McGuire (with consent)_
     Charles G. McGuire, #06309652
     813 W. Main St.
     Carbondale, IL 62901
     Phone:  (618) 529-4000
     Fax:  (618) 529-3805
     cmcguire@silclaw.net

Attorneys for Plaintiff